JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Melissa M. Youells

**(b)** County of Residence of First Listed Plaintiff   Luzerne County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin C. Quinn, Esq. & Brian Q. McDonnell, Esq.
Hourigan, Kluger & Quinn
600 Third Street, Kingston, PA 18704 / Phone: 570-287-3000

## DEFENDANTS

Julius A. Dzakpasu & Western Express, Inc., d/b/a Western Express

County of Residence of First Listed Defendant   Lowndes County, GA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Stephen E. Geduldig, Esq. & Bradley N. Sprout, Esq.
Pion, Nerone, Girman, Winslow & Smith, P.C.
240 N. 3rd St., 10th Fl., Harrisburg, PA 17101 / Phone: 717-737-5833

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Diversity Jurisdiction -- 28 U.S.C. 1332

Brief description of cause:
Personal Injury -- Negligence -- Motor Vehicle Accident

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
Excess of $50,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*:
JUDGE _____   DOCKET NUMBER _____

DATE
4/12/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Stephen E. Geduldig, Esquire
Attorney I.D. No. 43530
E-mail: sgeduldig@pionlaw.com
PH: 717-745-8725

Bradley N. Sprout, Esquire
Attorney I.D. No. 203182
E-mail: bsprout@pionlaw.com
PH: 717-745-8727

**PION, NERONE, GIRMAN, WINSLOW & SMITH, P.C.**
Payne Shoemaker Building
240 North Third Street, 10th Floor
Harrisburg, PA 17101
Fax: 717-737-5553

**Attorneys for Defendants:**
Julius A. Dzakpasu & Western Express, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELISSA M. YOUELLS<br>Plaintiff | No._____ |
| v. | CIVIL ACTION – LAW |
| JULIUS A. DZAKPASU and<br>WESTERN EXPRESS, INC., d/b/a<br>WESTERN EXPRESS<br>Defendants | JURY TRIAL DEMANDED |

## NOTICE OF REMOVAL

TO THE CLERK OF THE COURT:

Defendants, Julius A. Dzakpasu and Western Express, Inc., d/b/a Western Express, by and through their undersigned counsel, Stephen E. Geduldig, Esq., Bradley N. Sprout, Esq., and Pion, Nerone, Girman, Winslow & Smith, P.C., hereby submit the following Notice of Removal pursuant to 28 U.S.C. §1441 and remove the state court action described below to the United States District Court of the Middle District of Pennsylvania.

1. On or about February 15, 2019, the Plaintiff, Melissa M. Youells, commenced an action against Julius A. Dzakpasu and Western Express, Inc. by filing a Praecipe for Writs of Summons in the Court of Common Pleas of Luzerne County, Pennsylvania, Docket No. 1812-2019 (the "Lawsuit"). A copy of the Praecipe for Writs of Summons and Writs of Summons are attached to this Notice of Removal as **Exhibit A**.

2. The Court of Common Pleas of Luzerne County is located within the territorial jurisdiction of the United States District Court for the Middle District of Pennsylvania. Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1446(a).

3. On or about March 18, 2019, Plaintiff's counsel, Brian Q. McDonnell, mailed Defendants' counsel a courtesy copy of the Complaint that Plaintiff filed with Luzerne County Court of Common Pleas, which was received by Defendants' counsel on March 20, 2019. A copy of the Complaint and enclosing correspondence is attached to this Notice of Removal as **Exhibit B**.

4. Accordingly, removal is being made within the time permitted by 28 U.S.C. § 1446(b)(2)(B).

5. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all Defendants, who are all represented by the undersigned counsel, consent to the removal of the Lawsuit to this Court.

6. Removal of the Lawsuit to this Court is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction – specifically, diversity jurisdiction under 28 U.S.C. § 1332 – over Plaintiff's claims.

7. The requirement of complete diversity between Plaintiff and Defendants is met, as set forth below:

    a. Plaintiff resides in, and thus is a citizen of, Pennsylvania. (See **Exhibit B**, Complaint, ¶ 1).

    b. Western Express, Inc. is a citizen of Tennessee, as it is both incorporated in Tennessee and has its principal place of business in Tennessee. (See **Exhibit B**, Complaint, ¶ 3).

    c. Julius A. Dzakpasu resides in, and thus is a citizen of, Georgia. (See **Exhibit B**, Complaint, ¶ 2).

    d. As such, there is complete diversity of citizenship between Plaintiff and the Defendants.

    e. Moreover, none of the Defendants are citizens of Pennsylvania and, thus, the requirements of 28 U.S.C. § 1441(b)(2) are met.

8. The requirement of an amount in controversy in excess of $75,000 is met, as set forth below:

    a. The Lawsuit arises out of a motor vehicle accident that occurred on March 15, 2017 on Schoenersville Road in Bethlehem, Pennsylvania.

b. Plaintiff's Complaint makes a claim for unliquidated damages in excess of $50,000 (the amount which exempts a case from compulsory arbitration), but does not demand a specific sum.

c. Nonetheless, Plaintiff seeks to recover damages for "severe, painful, and disabling injuries" that include: cervicalgia; cervical sprain/strain; cervical radiculopathy; aggravation of cervical spondylosis; right shoulder pain; right shoulder strain; right rotator cuff tear; right rotator cuff tendonitis; right biceps tendonitis; bursitis and fraying of the right shoulder infraspinatus and supraspinatus tendons; headaches; thoracic sprain/strain; thoracic disc herniations/disc extrusion at T7-8; aggravation of thoracolumbar spondylosis; lumbago; lumbar sprain/strain; lumbar radiculopathy; aggravation of lumbar spondylitic changes; bilateral sacroiliitis; post-traumatic stress disorder; major depression disorder; anxiety; chronic pain; muscle spasms; difficulty sleeping; fatigue; discomfort; paresthesia and abnormal and altered sensation; multiple sprains, strains, and contusions; persistent pain, limitation of motion and restriction of activities; humiliation and embarrassment; and serious impairment of body function. (See **Exhibit B**, Complaint, ¶ 31).

d. Plaintiff seeks to recover damages not only for the alleged pain and suffering that resulted from her alleged injuries, but also for past and

future medical expenses and lost earnings. (See **Exhibit B**, Complaint, ¶¶ 31-38).

  e. Plaintiff is seeking an award of both compensatory and punitive damages in her Complaint. (See **Exhibit B**, Complaint, ¶¶ 47-48 & *ad damnum* clauses).

  f. The alleged nature of Plaintiff's injuries and claimed damages make it clear that the damages that Plaintiff will seek in the Lawsuit will exceed the jurisdictional requirement of $75,000. See Russo v. Wal-Mart Stores East, L.P., 2017 U.S. Dist. LEXIS 69633, *4-5 (M.D. Pa. 2017) (holding that allegations of significant injuries and damages in a complaint will trigger notice by the defendant that an amount in excess of the jurisdictional amount is at issue for purposes of the removal period); Sims v. PerkinElmer Instruments, LLC, 2005 U.S. Dist. LEXIS 5300, *10-11 (E.D. Pa. 2005) (same).

  g. As such, upon information and belief, Defendants aver that the amount in controversy exceeds $75,000, exclusive of interests and costs.

9. For the reasons set forth above, removal of the Lawsuit to this Court is just and proper.

10. Upon confirmation of filing and docketing with this Court, this Notice of Removal shall be provided to all parties, as well as the Court of Common Pleas of Luzerne County, in accordance with 28 U.S.C. § 1446(d).

Respectfully Submitted,

**PION, NERONE, GIRMAN, WINSLOW & SMITH, P.C.**

By: _____
Stephen E. Geduldig, Esquire
PA I.D. #43530
Bradley N. Sprout, Esquire
PA I.D. #203182

**Counsel for Defendants:
Julius A. Dzakpasu & Western Express, Inc., d/b/a Western Express**

Date: April 12, 2019

6

## CERTIFICATE OF SERVICE

I, Bradley N. Sprout, Esquire, of the law firm of Pion, Nerone, Girman, Winslow & Smith, P.C., counsel for the Defendants, Julius A. Dzakpasu & Western Express, Inc., d/b/a Western Express, hereby state that a true and correct copy of the foregoing **Notice of Removal** was served upon all counsel of record via U.S. First-Class Mail, postage prepaid, as follows:

>Kevin C. Quinn, Esq.
>Brian Q. McDonnell, Esq.
>Hourigan, Kluger & Quinn
>600 Third Avenue
>Kingston, PA 18704
>**Attorneys for Plaintiff**

PION, NERONE, GIRMAN,
WINSLOW & SMITH, P.C.

Date: April 12, 2019

BRADLEY N. SPROUT, ESQUIRE
Attorney I.D. No. 203182